**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RODERICK T. ALLEN, #N94327,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-00587-MJR |
| | ) |
| **UNKNOWN PARTY,** | ) |
| *John Doe, Inmate Cell Assignment,* | ) |
| *and Jane Doe, Inmate Cell Assignment,* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Roderick T. Allen, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), filed the instant *pro se* complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, based on claims of retaliation by Menard officials. He also filed a motion for temporary restraining order ("TRO") and preliminary injunction (Doc. 2). He seeks reinstatement of his one-man cell status or a prison transfer.

According to the complaint, Plaintiff has been confined in segregation for much of the past four years, based, in part, on his refusal to submit to a tuberculosis skin test ("TB skin test") (Doc. 1, pp. 4, 8). Each day, he is asked to take the TB skin test, and each day he refuses (Doc. 1, p. 8). Every three months, he receives a disciplinary ticket and punishment with continued confinement in segregation. This process has enabled Plaintiff to avoid placement with a cellmate. But his one-man cell status was revoked on February 17, 2015, in retaliation for filing a lawsuit against Menard officials the same month. Since that date, he has not been asked to take a TB skin test. He has not received a disciplinary ticket for refusing, and he has not been punished with continued placement in segregation.

Instead, Plaintiff has been assigned a series of aggressive cellmates, who, upon learning that Plaintiff refused the TB skin test, have expressed concern to prison staff about their continued placement in a cell with him (Doc. 1, pp. 6-7). When prison officials ignore these concerns, the cellmates have become aggressive toward Plaintiff, threatening to harm him until prison officials separate them. Since February 2015, Plaintiff has endured three iterations of this scenario. On May 5th, he was finally placed in a cell with Inmate Stephen Couch (#B12125), who "voiced concerns" about his placement with Plaintiff but did not threaten him (Doc. 1, p. 7).

Prison officials have allegedly retaliated against Plaintiff in three other ways since February 20th. Plaintiff claims that his navy beans were poisoned on March 1st, and he became ill after eating them (Doc. 1, p. 4). Although medical staff provided temporary relief for his pain, they performed no tests to determine the cause of the illness. Plaintiff sustained wrist injuries on May 20th, when he was dragged to his cell in handcuffs (Doc. 1, p. 9). He requested medical care repeatedly before filing this action one week later. Plaintiff also claims that prison officials refuse to acknowledge any connection between his weight loss and his health (Doc. 1, p. 5).

In connection with these retaliatory acts, Plaintiff sues two unidentified defendants ("John and Jane Doe"), both of whom are allegedly responsible for cell assignments at Menard. He seeks a TRO and a preliminary injunction, in the form of an order requiring Menard officials to reinstate Plaintiff's single-man cell status (Doc. 2). Alternatively, he seeks a prison transfer.

The case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP motion"). Out of concern for Plaintiff's immediate safety, the Court will consider the merits of the complaint and Plaintiff's request for a TRO. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

**Discussion**

**1.     The Complaint (Doc. 1)**

As a threshold matter, the Court must determine whether a viable claim has been stated before deciding whether injunctive relief should be granted.  *See* FED. R. CIV. P. 3; *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  This requires the Court to conduct a preliminary review of the pleading under 28 U.S.C. § 1915A.  Pursuant to Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).  At the same time, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The complaint articulates no viable claim against the defendants. Only two defendants are named in the case caption, i.e., "John Doe" and "Jane Doe." These are generic terms used for the unknown officials who are responsible for making cell assignments at Menard. Plaintiff's use of generic names for unknown defendants at this early stage is not fatal to his claims against them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner is generally allowed to undertake limited discovery in order to ascertain the identity of those defendants. *Id.* at 832. Had Plaintiff included allegations in the complaint suggesting that these individuals violated his constitutional rights, his claims could proceed against them.

What is fatal to Plaintiff's claims against "John Doe" and "Jane Doe" is that he did not. These defendants are involved in this action in name only. Both are listed as defendants in the case caption, but the substantive allegations mention neither. Where a plaintiff has done nothing more than list the name of a defendant in the case caption, that individual cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The Seventh Circuit has made this clear: "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Id*. Having failed to mention either "Doe" defendant in connection with any alleged constitutional deprivation, Plaintiff's complaint states no viable claim against either one of the two defendants. Without a viable claim, the complaint is subject to dismissal.

This is true, despite the fact that numerous other individuals are discussed in the statement of claim. In fact, Plaintiff includes allegations that might be sufficient to support First Amendment retaliation and Eighth Amendment failure to protect claims against some of these individuals under Section 1915A. He simply chose not to name them as defendants in this action. This practice is not at all uncommon in *pro se* complaints. Plaintiffs often mention the names of nonparties in their statement of claim. From this, the Court cannot assume that Plaintiff intended to sue these individuals, particularly here where no monetary damages are requested against any individuals. In most instances, the Court considers this narrative style of pleading to offer little more than background information about a plaintiff's claims. Absent a clear indication that Plaintiff intended to sue any other individuals for retaliation or for failure to protect him, the Court declines to add parties to this action *sua sponte*.

The fact that the Court sometimes adds a party, such as a warden acting in his or her official capacity, to an action for purposes of responding to a request for injunctive relief is of no consequence in this context. *See, e.g., Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2012) (where prisoner seeks injunctive relief, it is irrelevant whether warden personally participated in underlying constitutional deprivation). Here, the underlying complaint articulates no viable claim against either one of the defendants. Because the complaint lacks a meritorious claim, Plaintiff is not entitled to any relief—be it monetary damages or injunctive relief.

For these reasons, the complaint must be dismissed. However, the dismissal shall be without prejudice and with leave to amend, according to the instructions set forth below in the disposition. Without a viable complaint, the Court lacks jurisdiction to consider Plaintiff's request for injunctive relief. Therefore, the Court will hold its decision regarding Plaintiff's

request for a preliminary injunction in abeyance, pending its receipt of Plaintiff's amended complaint.

**2.     Motion for TRO (Doc. 2)**

The Court need not wait to decide Plaintiff's motion for temporary restraining order ("TRO") (Doc. 2). A TRO may issue without notice to the party to be enjoined if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). This form of relief may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). It is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

This drastic remedy is not warranted at this time. The Court has already addressed the fact that the underlying complaint states no claim upon which relief may be granted, based entirely on the fact that Plaintiff did not include any allegations against either one of the defendants in the complaint. He also failed to mention the "Doe" defendants in his TRO motion. None of his pleadings support a claim against these defendants.

But the Court would be remiss if it did not address the pressing concerns identified by Plaintiff in his TRO motion, in order to determine whether he faces any risk of irreparable harm. Having reviewed the TRO motion and supporting memorandum of law, the Court finds that he does not.

Plaintiff's current living arrangement poses no threat of harm to Plaintiff. He has been housed in a cell with Inmate Stephen Couch since May 5, 2015 (Doc. 2-1, p. 11). The pleadings do not indicate or intimate that Inmate Couch has threatened Plaintiff or harmed him at any time. On the contrary, Inmate Couch submitted an affidavit in support of Plaintiff's retaliation claims

in this action (Doc. 2-1, pp. 24-25). No other allegations suggest that a new, aggressive cellmate will be placed with Plaintiff in the near future. If his situation changes, Plaintiff may file a new motion.

The March 1st poisoning incident is speculative at best. This was, by all indications, an isolated incident in which Plaintiff became ill after eating navy beans. He concluded that the prison staff poisoned him. No testing confirmed this. No subsequent incidents are mentioned. Plaintiff complains of no lingering medical concerns related to this incident.

Plaintiff's complaint that prison officials refuse to acknowledge any connection between his weight loss and health provides no basis for issuing a TRO. He does not reveal how much weight he has lost, how much food he consumes, and whether he has voluntarily stopped eating at times. Instead, his claim is based on two incidents in which prison officials either did not respond to his inquiry or could not hear him when he asked them to acknowledge that he had lost weight.

Finally, Plaintiff's wrist injuries occurred one week before he filed this action (Doc. 2-1, pp. 26-28). He requested medical treatment for what he believes is a "broken blood vessel," after he was dragged in handcuffs to his cell on May 20, 2015. Plaintiff learned that he was scheduled for an appointment. For reasons unknown to him, the appointment was cancelled, and he had to reschedule it. At the time he filed the instant action, he was still waiting to see a medical provider about his wrists. His motion is devoid of allegations suggesting that the injuries pose any risk of irreparable harm or that other remedies are not available.

Based on the foregoing discussion, the Court finds no basis for issuing a TRO at this time. Accordingly, this request shall be denied. However, the denial is without prejudice to

Plaintiff renewing the request by filing a new TRO motion, should it become necessary to do so while the action is pending.

### 3. Failure to Pay Filing Fee or File for IFP

Plaintiff's obligation to pay the full filing fee for this action was incurred at the time he filed the action. The filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). He can either pay this full filing fee or file an IFP motion.[2]

On May 29, 2015, the Clerk of Court advised Plaintiff of this obligation and set a 30-day deadline for paying the full filing fee or filing a properly completed IFP motion (Doc. 4). Although a certified trust fund account statement is required, Plaintiff should not wait until he receives a copy of the certified trust fund statement before filing the IFP motion. He should file it as soon as possible, consistent with the order in the disposition. And because he has "struck out" by filing more than three actions[3] that were dismissed as frivolous or for failure to state a claim upon which relief may be granted, he will not be allowed to proceed IFP in this action, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

---

[1] Should Plaintiff's request for IFP be granted, this fee shall be $350.00 instead.
[2] Plaintiff filed a notice advising the Court that he intends to file an IFP motion, after he receives a certified copy of his trust fund account statement (Doc. 3).
[3] *See, e.g., Allen v. Chapman, et al.*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez, et al.*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); and *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2014); *Allen v. Chapman, et al.*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed June 24, 2014).

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 2) is hereby **DENIED without prejudice**, and the motion for a preliminary injunction (Doc. 2) is **HELD IN ABEYANCE** pending the Court's receipt of an amended complaint.

**IT IS FURTHER ORDERED** Plaintiff is **GRANTED** leave to file his amended complaint **on or before June 28, 2015.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable,

regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a completed IFP Motion on or before **June 28, 2015**.  If Plaintiff files an IFP Motion, the Court must review Plaintiff's trust fund account statement for the 6 month period immediately preceding the filing of this action.  Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 11/1/2014 to 5/29/15.  This information should be mailed to the Clerk of Court at the following address:  United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The Clerk previously provided Plaintiff with a copy of the IFP Motion.  **Failure to comply with this Order may result in dismissal of this action for want of prosecution or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 3, 2015**

                                                      s/ MICHAEL J. REAGAN
                                                     Chief Judge,
                                                     United States District Court